Filed 2/28/25  P. v. Goree CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELVIN GOREE,<br><br>    Defendant and Appellant. | A170943<br><br><br>(Alameda County<br>Super. Ct. No. 19CR019121A) |

Pursuant to a plea agreement, defendant Melvin Goree pleaded no contest to one count of second degree burglary of a vehicle (Pen. Code, § 459) in exchange for a grant of probation and dismissal of a second count of the same offense.[1]  As part of the plea agreement, defendant executed a so-called *Cruz* waiver,[2] pursuant to which he was released from custody in exchange for his promise to, among other things, not commit other crimes, cooperate with probation, and appear at sentencing.  After defendant violated

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 [absent a valid waiver, a court may not reject the plea bargain of a defendant who has pleaded guilty and failed to appear for sentencing, then impose a higher sentence without first giving the defendant the opportunity to withdraw the plea].)

1

this *Cruz* waiver, the trial court revoked probation and sentenced him to two years in prison.

After defendant appealed, his appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106 (*People v. Kelly*) raising no issue for review and requesting that we conduct our own independent review of the record. Defendant did not exercise his right to file a supplemental brief.

Having considered the record in accordance with *People v. Wende* and *People v. Kelly*, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2019, a complaint was filed charging defendant with two counts of second degree burglary of a vehicle (§ 459). These charges arose from a series of incidents on or around December 5, 2019, involving defendant and two codefendants. Police officers were dispatched to an apartment complex in the City of Fremont to respond to reports of several automobile burglaries. The officers found one vehicle with a shattered window and several missing boxes and shopping bags. The officers were also advised of a stolen Mercedes.

The stolen Mercedes was subsequently involved in an accident in the City of Modesto. Defendant was detained and taken into custody by police after being observed walking away from the accident. A search of the Mercedes led to the discovery of property taken during automobile burglaries occurring in Alameda and Stanislaus Counties.

Defendant initially pleaded not guilty to the charges. However, on December 3, 2020, he withdrew this plea and entered a plea of no contest to one of the two counts of second degree burglary of a vehicle in exchange for dismissal of the second count. On the same day, defendant executed a *Cruz*

waiver as part of the plea deal. Defendant thereby agreed that in exchange for remaining out of custody pending sentencing, he would "be of good conduct, not get any new arrests or convictions, . . . cooperate with the Probation Department, make an appointment, keep an appointment, provide whatever documentation they may require of you, and appear at the sentencing on January 25th of 2021. [¶] If you fail to do any one of these things, you understand and agree that the sentencing judge can choose to ignore this plea in its entirety and sentence you to the maximum exposure in local custody."

On May 22, 2024, the trial court found defendant violated the *Cruz* waiver by failing to show up to probation, failing to appear in court, and getting a new arrest.

On June 7, 2024, the trial court sentenced defendant to the two-year middle term in prison and awarded him 84 days of custody credits. This timely appeal followed.

## DISCUSSION

As we previously stated, defendant's appointed counsel filed an opening brief setting forth the material facts but raising no issue for our consideration. Counsel requested that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (*People v. Wende, supra*, 25 Cal.3d 436; *People v. Kelly, supra*, 40 Cal.4th 106.) In doing so, counsel attested that defendant was advised of his right to file his own brief with this court. However, defendant failed to exercise this right in a timely manner.

Because defendant failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the negotiated plea agreement, including the validity of the *Cruz* waiver. (*People v. Vargas*

3

(2007) 148 Cal.App.4th 644, 652 [because the *Cruz* waiver was "an integral part of defendant's plea agreement," defendant's challenge to the agreed-upon sentence is "a challenge to the validity of his plea and . . . requires a certificate of probable cause"].) Mindful of this fact, we have independently reviewed the record and agree with appellate counsel there are no reasonably arguable legal or factual issues to be considered.

Pursuant to the negotiated plea agreement, defendant pleaded no contest to one count of second degree burglary of a vehicle. In doing so, defendant agreed, among other things, that if he failed to report to probation as directed, failed to appear in court, or committed any new crime prior to sentencing, any promises made to him at the time of the plea would be withdrawn and he would not have the right to withdraw his plea, even if the court imposed a different sentence than what he was promised. Defendant also executed the aforementioned *Cruz* waiver, the terms of which authorized the court to impose any sentence up to the maximum exposure in local custody.

The court thereafter found defendant in violation of the *Cruz* waiver. Thus, in conformance with the plea agreement's terms, of which the waiver was an integral part, and without objection from the defense, the court denied probation and sentenced defendant to two years in prison, reflecting the middle term authorized by section 461, subdivision (b). The court's decision was consistent with the law, consistent with the negotiated plea deal, and soundly based on the evidence. Accordingly, it will not be disturbed. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 ["In the absence of . . . a showing [that the sentence was irrational or arbitrary], the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a

4

particular sentence will not be set aside on review"]; *People v. Vargas, supra*, 148 Cal.App.4th at p. 651 [trial court did not violate defendant's bargained-for rights or due process rights by imposing the upper term sentence when "defendant agreed that the trial court could impose the upper term sentence if defendant violated the terms of the *Cruz* waiver"].)

Having ensured defendant received adequate and effective appellate review, we affirm.  (*People v. Wende, supra*, 25 Cal.3d at pp. 441–442; *People v. Kelly, supra*, 40 Cal.4th at pp. 112–113.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A170943/*People v. Melvin Goree*